THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Aleem Jameel )
4401 Quarles Street. N.E. )
Apartment 31 )
Washington, D.C. 20001 )
        Plaintiff )
)
    V. )
)
)
MURIEL BOWSER, in her official capacity )
as Mayor of the District of Columbia, )
John A Wilson Building )
1350 Pennsylvania Avenue NW )
Suite 316 )
Washington, D.C. 20004 )
)
and )     Case No
)
)
District of Columbia, )
A Municipal Corporation )
441 4th Street )
Washington, D.C. 20001 )
  Serve: Registered Agent )
        Tonia Robinson )
        Gayle Rivers )
        Marjorie Thomas )
        Regina Brown )
           441 4th Street )
           Suite 630 South )
           Washington, D.C. 20001 )
  Serve: Office of the Attorney General )
  C/O the Honorable Karl A. Racine )
  Attorney General for the )
  District of Columbia )
  441 4th Street, NW )
  Washington, D.C. 20001 )
  Email: oag@dc.gov
)
Quincy L. Booth, Director )
Director department of Corrections )
2000 14th Street, N.W. )
Seventh Floor )
Washington, D.C. 20009 )
)

and

Major D Craig
c/o Department of Corrections
2000 14th Street, N.W.
Seventh Floor
Washington, D.C. 20009

and

Captain A. Cobb
c/o Department of Corrections
2000 14th Street, N.W.
Seventh Floor
Washington, D.C. 20009

and

Lieutenant Debo
c/o Department of Corrections
2000 14th Street, N.W.
Seventh Floor
Washington, D.C. 20009

and
Lieutenant Brown
c/o Department of Corrections
2000 14th Street, N.W.
Seventh Floor
Washington, D.C. 20009

and

Private R. George
c/o Department of Corrections
2000 14th Street, N.W.
Seventh Floor 0
Washington, D.C. 20009

and

Officer Sanchez
c/o Department of Corrections
2000 14th Street, N.W.
Seventh Floor
Washington, D.C. 20009
              Defendants

COMPLAINT
FOR
VIOLATION OF CIVIL RIGHTS
ASSAULT
INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS

I
INTRODUCTION

1. This is an action to redress the deprivation of Plaintiff's Constitutional Rights stemming from the brutal attacks and beating of the Plaintiff, simultaneously by multiple correction officials, while restrained and handcuffed, and while under the care, custody, care and protection of the District of Columbia, Department of Corrections.

2. At the time of these brutal attacks on the Plaintiff, by Defendants Craig, Cobb, Debo, Brown George and Sanchez each were acting under color of state law and authority.

3. As a direct and proximate cause of Defendants' physical and verbal attacks, by the above-named Defendants serving as on duty officials and while acting under color of law within the Department of Corrections, Plaintiff sustained severe personal, emotional, psychological and physical injuries and was deprived of his Civil Rights, including his federal rights and privileges secured by the United States Constitution i.e. specifically unlawful seizure, excessive force, privileges and immunities, equal protection, cruel and unusual punishment

II
JURISDICTION

4. This action is brought pursuant to 42 U.S.C. 1983, 1985 (2)(5)1986, and 1988; 28U.S.C. 1331, and 1334(1) (2) (3) (4) and the First, Fourth, Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution, and 28U.S.C. 1343(3)(4).

5. Plaintiff further invokes the pendant jurisdiction of the court to consider the claims arising under state law.

6. The Amount in Controversy, exclusive of interest and cost exceeds the sum of ($50,000.00) Fifty Thousand Dollars.

7. Each Defendant acted jointly and severely in concert and severally and or individually and under the authority and color of state law to deprive the plaintiff of his Civil Rights Unites States Constitutional Rights and rights that are afforded to the Plaintiff pursuant to the laws, rules and regulations of the District of Columbia.

8. Plaintiff is entitled to have his federal claims litigated in the federal court along with the pendant and ancillary state or nonfederal claims since all claims arose out of the same transaction. Therefore, jurisdiction is proper in the United States District Court for the District of Columbia. Supplemental jurisdiction exists over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367

9. On the 11thb day of December 2017 the Mayor of the District of Columbia was properly served pursuant to Section 12-309 of the District of Columbia.

III

VENUE

10. The District of Columbia is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and or a substantial

part of property that is the subject of this action is situated and therefore venue is proper pursuant to 28U.S.C. 1391 (b)(2)

## IV
## PARTIES

11. Plaintiff, Aleem Jameel, is a citizen of the United States and a resident of the District of Columbia and the injured party brutally attacked and beaten by the Defendants

12, Defendant, The Honorable Muriel Bowser, is mayor of the District of Columbia and has as her principal place of business, at the John A. Wilson Building, 1350 Pennsylvania Avenue N.W. Suite 316, Washington, D.C.20004 The extreme and outrageous acts in the instant case and the Defendant's reckless and indifference to the health, welfare safety and to the constitutional and civil rights of the Plaintiff is clear and evident and convincing that Defendants' behavior and conduct was permitted, allowed and the result of custom and an unconstitutional policy within the Department. The Mayor is sued in her official capacity only and at all time relevant herein acted under color of state law.

13. Defendant, DISTRICT OF COLUMBIA GOVERNMENT, and always relevant hereto, is a Municipal Corporation and has its principal place of business located at 441 4th Street N.W. N.W. 6th Floor, South, Washington D.C. 2001 and has as its registered Agents, Tonia Robinson, Gayle Rivers, Marjorie Thomas and Regina Brown at 441 4th Street, N.W. Suite 630 South, Washington, D.C. 20001

The District of Columbia (District), a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District is represented by and through its chief legal officer, the Attorney General for the

District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

14. Defendant Quincy L. Booth, Director, and always relevant herein, is/was the agent or employee of the Government of the District of Columbia and more specifically, is the Director of the District of Columbia Department of Corrections, and as such, has general and overall administrative and supervisory authority of the Department. As Director, Defendant Booth has responsibility for the proper training and supervision and the overall management and supervisory authority of agents, employees and correction officials within the Department including the fair and impartial administration and enforcement of administrative guides and rules within the District of Columbia Department of Corrections and as such was entrusted with the care, management, protection and welfare of inmates, such as the Plaintiff in the District of Columbia Jail. The extreme and outrageous act in the instant case is clear and convincing that Defendants' behavior and conduct was under of color of state law, permitted, allowed and customary and unconstitutional. He is sued individually and in his official capacity.

15. At the time of the alleged incident the Defendant Booth was acting under color of law.

16. Defendant, Captain Cobb, always relevant herein, is an agent or employee and more specifically is an officer in the Department of corrections and has the overall management and supervisory authority correction officials within the District of Columbia Department of Corrections and as such was entrusted with the care, management, protection and welfare of inmates in the District of Columbia Jail. The extreme and outrageous act in the instant case is clear and convincing that Defendants' behavior and conduct was permitted, allowed and the result of custom and under an unconstitutional policy within the Department.   He is sued individually and in his official capacity.

17. At the time of the alleged incident the Defendant Cobb was acting under color of law.

18, Defendant, Major Craig always relevant herein, is an agent or employee and more specifically is an officer in the Department of corrections and has the overall management and supervisory authority correction officials within the District of Columbia Department of Corrections and as such was entrusted with the care, management, protection and welfare of inmates in the District of Columbia Jail. The extreme and outrageous act in the instant case is clear and convincing that Defendants' behavior and conduct was permitted, allowed and the result of custom and an unconstitutional policy within the Department. He is sued individually and in his official capacity. This Defendant at all time relevant hereto acted under of color of state law

19, At the time of the alleged incident the Defendant Craig was acting under color of law.

20. Defendant, Lt. Brown always relevant herein, is an agent or employee and more specifically is an officer in the Department of corrections and has the overall management and supervisory authority correction officials within the District of Columbia Department of Corrections and as such was entrusted with the care, management, protection and welfare of inmates in the District of Columbia Jail. The extreme and outrageous act in the instant case is clear and convincing that Defendants' behavior and conduct was permitted, allowed and the result of custom and policy and unconstitutional. Defendant Brown is sued individually and in his official capacity.

21. At the time of the alleged incident the Defendant Brown was acting under color of law.

22. Defendant, Debo always relevant herein, is an agent or employee

and more specifically is an officer in the Department of corrections and has the overall management and supervisory authority correction officials within the District of Columbia Department of Corrections and as such was entrusted with the care, management, protection and welfare of inmates in the District of Columbia Jail The extreme and outrageous act in the instant case is clear and convincing that Defendants' behavior and conduct was permitted, allowed and the result of custom and policy and unconstitutional.  He is sued individually and in his official capacity.

23. At the time of the alleged incident the Defendant Debo was acting under color of law.

24. Defendant Officer Sanchez, at all times relevant herein, is an agent or employee and more specifically is an officer in the Department of corrections and has the overall management and supervisory authority correction officials within the District of Columbia Department of Corrections and as such was entrusted with the care, management, protection and welfare of inmates in the District of  Columbia Jail  The extreme and outrageous act in the instant case is clear that Defendants' behavior and conduct was permitted, allowed and customary and a matter of policy and unconstitutional.  He is sued individually and in his official capacity.

25, At the time of the alleged incident the Defendant Sanchez was acting under color of law.

V

STATEMENT OF RELEVANT FACTS

26. On June 14, 2017 at approximately 10:30 p.m. Plaintiff, Aleem Jamel, an inmate in the DC Jail, (DCDC #284-920), while in the protective custody of the

District of Columbia, Department of Corrections was simultaneously brutally assaulted and physically beaten by several unnamed correction officers including, Major D. Craig Captain A. Cobb, Lieutenant A. Brown, Lieutenant Debo. Private R. George and officer Sanchez.

27. While undergoing this brutal assault the Plaintiff was handcuffed, sprayed and subjected to verbal abuse. The officers were at all relevant times agents, employees and officials on duty within the Department of Corrections, a subsidiary, instrumentality and agency of the District of Columbia and were acting under color of state law or authority of the District of Columbia and caused injury to his Constitutional Rights

28. Plaintiff contends that the attacks were the result of his request to be removed from his cell due to threats against his life. In addition to the physical attacks, Defendants retaliated by attempting to remove Plaintiff to north 1 cell 15, a lock down unit rather than N0rth East 1 Cell 5__, the customary protective unit.

29. Plaintiff objected to this relocation due to the physical threats against him and due to the inability to defend himself from these threats.[1] To further justify or cover up this abusive action Defendants issued a disciplinary report written at approximately 3:00a.m. on June 15,2017 citing the Plaintiff with Lack of Cooperation and Impeding an Employee in the Performance of Duties.

30. At no time was this assault provoked or instigated by the Plaintiff. Plaintiff was handcuffed and otherwise physically restrained during these beatings by the officers. Defendant continue their elaborate cover up and concealment of their horrific acts by refusing to produce the cameral film of this incident.

---

[1] It is likely that Plaintiff may have been afflicted with some type of mental disability. Title II (Subtitle A) of the American with Disabilities Act requires the Department of Corrections to reasonable accommodate inmates with disabilities unless doing so would cause undue hardship.

31. As a result of the extreme and outrageous nature and conduct of Defendants' action both in the District's failure to properly hire train and properly supervise its correction officials and by example of the flagrant and outwardly manner by which these acts occurred, which transcends all boundaries of human decency is evidence of an internal and at least an informal administrative code of "custom and policy" condoning this behavior. Such extreme and flagrant conduct by these Defendants is a clear violation of Plaintiff's Constitutional and civil rights and the acceptance of this authorized custom and policy by the Mayor and the District of Columbia.

## COUNT VI
## VIOLATION OF TITLE 42 U.S.C. 1983, 1985, 1986, 1988

32. Plaintiff realleges paragraphs one through thirty-one and incorporates by reference each paragraph as through as fully set forth.

33. The extreme and outrageous conduct of the Defendants and the open and Outward way these acts were committed clearly demonstrate the violation of the Plaintiff's 1983 constitutional and civil right was the result of (1) an official unwritten policy statement, ordinance, or regulation, or (2) the widespread practice of governmental custom or practice.

34. The official policy or custom was the moving force of the Plaintiff's constitutional violation. The Defendant's deliberate choice to follow this course of action as opposed to less drastic alternatives were the result of pervasive and wide spread practices within the Department of Corrections and would not have occurred by these Defendants without prior authorization or agency consent

35. The Defendants herein were allegedly seasoned and well-trained Correction

Officers with ranking authority and, given their seniority, rank, qualifications and status, would not have engaged in the conduct complained of unless they reasonably believed they were authorized to engage in this type of conduct.

36. Major Craig, Capt. A. Cobb, Lieutant Brown and Lieu ant Debo, as the active participates in the Plaintiff's assault became active policy- makers on behalf of the District of Columbia who violated and condoned encouraged and engaged in the violation of Plaintiff's constitutional rights. Private R. George and Officer Sanchez were deliberately indifferent and acquiesced to the conduct of their accompanying Defendants

37. Defendant, Quincy L. Booth as Director for the District of Columbia Department of Correction, and at all times relevant herein, was responsible for compliance of Departmental policy, rules, regulations, and guidelines and therefore authorized either directly or by omission Defendant's acts in this matter and for this reason also endorsed this wide spread governmental practice or custom which was the moving force of the Defendant Correction Officers in the violation of Defendant's Constitutional and Civil Right Violations.

38. Director Booth deliberately chose to authorize this course of action from among various and less drastic action and either knew or should have known that the Plaintiff and others under his supervision would be injured.

39. For the foregoing reasons the District of Columbia are liable pursuant to the 1983 claims.

40. Plaintiff does not allege liability of the Mayor under any agency theory or pursuant to the theory of *respondeat superior* for the torts of subordinate employee but rather against the District of Columbia and the Mayor in her official capacity because of municipal actions depriving the plaintiff of his rights under the United States Constitution

## COUNT VII
## FOURTEENTH AMENDMENT
## EQUAL PROTECTION

41. Plaintiff realleges paragraphs one through Forty and incorporates by reference each paragraph as through as fully set forth.

42. The actions of the Defendants deprived the Plaintiff of his constitutional right to equal protection of the laws. Defendants used an administrative classification and policy that manifest itself in a discriminatory treatment violative of the equal protection clause

43. The failure of correction officers to perform their duty of taking reasonable measures to protect the personal safety of whom they know or have reason to know may be attacked is a denial of equal protection and is a violation of Title 42 U.S.C.1983 Correction officials are under an affirmative duty to preserve law and order, and to protect the personal safety of persons in the Department.

44. Not only did Plaintiff complain to officers about threat to his personal safety in retaliation Plaintiff was brutally beaten by the Defendant correction officers on June 14, 2017 but at 3:00a.m. the following morning was cited with a disciplinary violation

45. These events occurred while Plaintiff was in the protective custody and care of the Defendant Department of Corrections.

45. Title II (Subtitle A) of the American with Disabilities Act requires the Department of Corrections to reasonable accommodate inmates with disabilities unless doing so would cause undue hardship.

46. This ongoing pattern of deliberate indifference, on the part of the agency and

surrounding officials and the cruel and outrageous conduct of these defendants establish per se and presents clear and convincing evidence to the link between the violation of Plaintiff's constitutional rights and the Department's patter of misconduct

47. For each of the foregoing reasons Plaintiff was denied equal protection of the laws without merit or just cause or any benefit or compelling reason by the government

## COUNT VIII
## FOURTH
## EIGHTH AMENDMENT
## CRUEL AND UNUSUAL PUNISHMENT

48. Plaintiff realleges paragraphs one through forty-seven and incorporates by reference each paragraph as through as fully set forth.

49. Defendant through the forgoing action violated Plaintiff's right to be protected by the fourth amendment from unwarranted and unprovoked seizures by these Defendants and protection from of cruel and unusual punishment guaranteed by the eighth amendment.

50 Plaintiff was entitled to constitutional protection from state and District of Columbia conduct of punishment from its officials, operating under color of state authority, and more specifically protection from Defendants' physical attacks, verbal abuse and beatings with malice and reckless indifference.

51. Defendants, acting under color of authority, in a cruel and unusual manner, assaulted and physically beat the Plaintiff causing loss of Plaintiff's constitutionally entitled privilege.

52 In view of the Defendants' flagrant and extreme and outrageous conduct Defendant' acted with deliberate indifference which resulted in severe

emotional, personal and physical injuries, and mental distress and a loss of Plaintiff's constitutional right under the fourth, fifth eighth and fourteenth amendment guaranteed by the United States Constitution and 42U.S.C.1983

IX

EXCESSIVE FORCE

53. Plaintiff realleges paragraphs one through Fifty-Two and incorporates by reference each paragraph as through as fully set forth.

54. As prescribed in the preceding paragraphs, Defendants' conduct toward the Plaintiff constituted excessive force in violation of the United Sates Constitution.

55. The misconduct described in this complaint was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

56. The misconduct described of was undertaken with malice, willfulness, and Reckless indifference to the rights of others.

57. The misconduct described in this complaint was undertaken pursuant to the Policy and practice or the District of Columbia Department of Corrections in that:
    a. As a matter of both policy and practice the District of Columbia Department of Corrections encourages, and is thereby the moving force
    b. As a matter of both policy and practice, the District of Columbia Department of Corrections facilitates the very type of misconduct, at issue by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Correction Officers to believe their actions will never be scrutinized and, and in that way directly

   encourages future abuses such as those affecting the Plaintiff. Specifically, District of Columbia Correction Officials accused of excessive force can be confident that management will never seriously investigate these accusations and will refuse to recommend discipline even where officers have engaged in excessive force. In this instance officers committing these offenses were high ranking officials and were a part of management.
   c. Generally, as a matter of wide spread practice so prevalent as to comprise municipal policy, officers of the District of Columbia Department of corrections abuse other inmates in a manner like that alleged by Plaintiff in this complaint on a frequent basis, yet the Department makes findings of wrongdoing in a disproportionally small number of cases.
   d. Municipal policy makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Department of Correction of the District of Columbia by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and
   e. The District of Columbia failed to act to remedy the patterns of abuse described in the preceding sub paragraphs, despite actual knowledge or the same, thereby causing the types of injuries alleged here.

58. As a result of the unjustified and excessive use of force by the Defendants and policies and practices of the Department of Corrections, Plaintiff has suffered pain and injury, as well as emotional distress.

59. The misconduct described in this Count was undertaken by the Defendants were within the scope of their employment and under of color of state law such that Defendants' employer, the District of Columbia and the district of Columbia Department of Corrections is liable for pursuant to 42 U.S.C. 198

## COUNT X
## FAILURE TO INTERVENE

60. Plaintiff realleges paragraphs one through Fifty-Nine and incorporates by reference each paragraph as through as fully set forth.

61. One of more officers, namely Pvt. George and Officer Sanchez and perhaps others within the Department of Corrections had a reasonable opportunity to prevent other Defendants from engaging in this brutal beating of the Plaintiff but did nothing to stop it and therefore contributed to and enabled the violation of Plaintiff's constitutional and civil rights.

62. As a result of the failure of Defendant George and Sanchez and other unknown officers to intervene the Plaintiff suffered physical pain emotional and psychological injuries, shame, embarrassment, humiliation and depression.

63. The misconduct of omission described in this complaint was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights guaranteed by the United States Constitution and to the physical and psychological safety and welfare of the Plaintiff

64. The misconduct described in this complaint was undertaken by the Defendant Officers were within the scope of their employment and under of color of law and under the policy, custom and protection, specifically chosen by the Department of Corrections, instead of choosing a less drastic alternatives renders the District of Columbia jointly and severally liable to the Plaintiff for these Constitutional and Civil Rights Violations.

65. The misconduct described in this complaint was undertaken pursuant to the policy and practices of the District of Columbia Department of Corrections as described more fully above.

## COUNT XI
## ASSAULT

66. Plaintiff realleges paragraphs one through Sixty-Five and incorporates by reference each paragraph as through as fully set forth.

67. While in the care and custody of Defendants the Plaintiff was intentionally placed in fear and apprehension of bodily harm when several Defendant Correction Officials physically handcuffed and Physically removed the Plaintiff from his cell and escorted him to another location in the District of Columbia Jail and while the Plaintiff remained in hand cuffs Defendants simultaneously verbally abused, beat, kicked and sprayed the Plaintiff in the mouth, eyes and private parts of the body.

68. As a direct and proximate cause and result of the aforesaid physical and verbal assault by the Defendants the Plaintiff suffered severe personal and physical and emotional and psychological injury, depression, humiliation and embarrassment

69. Plaintiff has been placed on medication as a direct and proximate cause of Defendants Conduct such as BUPROPION XL 300MG; OXCARBAZEPINE 300MG; TRILSPTOL; and MIRTAZAPINE15MG

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70, Plaintiff realleges paragraphs one through sixty-nine and incorporates by reference each paragraph as through as fully set forth.

71. The physical beating, spraying and verbal abuse by D.C. Correction officers while the Plaintiff was handcuffed and otherwise restrained was extreme and outrageous conduct on the part of these defendants

72. The conduct as set forth above by the Defendants District of Columbia Department of Corrections Officers i.e. the beating and verbal abuse while the Plaintiff was hand cuffed and physically restrained was executed by these officers intentionally and with reckless disregard to Plaintiff's physical and emotional wellbeing.

73. The Defendants physical beating, and verbal assaults on the Plaintiff while the Plaintiff was handcuffed was extreme and outrageous conduct and caused the Plaintiff severe emotional distress, physical and psychological harm, especially since multiple Defendants engaged in the beatings simultaneously.

74. The beatings and verbal assaults by the defendants were so outrageous in Character, and so extreme to offend all boundaries of human decency and to be regarded as atrocious, and utterly intolerable in a civilized society.

75. Reasonable persons cannot disagree with the severity and intolerability and the conclusion that the Defendants' conduct is well beyond and outside the boundaries of human decency.

WHEREFORE, Plaintiff respectfully request that the court enter judgment against the Defendants as follows:
   a. District of Columbia in the amount of ($10,000,000,000) Ten Million Dollars as punitive damages
   b. District of Columbia in the amount of ($1,0000,0000) One Million Dollars Compensatory Damages
   c. As against Defendant Major D. Craig in the amount of ($200,000.00) Two Hundred Thousand dollars

  d. As against Defendant Captain A. Cobb in the amount of ($200,000.00) Two Hundred Thousand Dollars
  e. As against Defendant Lt. Debo in the amount of ($200,000.00) Two Hundred Thousand Dollars
  f. As against Defendant Lt. Brown in the amount of ($200,000.00) Two Hundred Thousand Dollars
  g. As against Defendant Private R. George in the amount of ($100,000.00) One Hundred Thousand Dollars
  h. As against Officer Sanchez in the amount of ($100,000.00)
  i. Legal Fees, and cost
  j. Injunctive and declaratory relief against all further action of this nature in the future.
  k. Such other and further relief as the court deems just and proper

## JURY DEMAND

Plaintiff demands trial by jury as to all triable issues of fact.

Respectfully,

*Ronald C. Hill*

Ronald C. Hill
Bar No 114116
10905 Ft. Washington Road
Suite 201
Ft Washington, Maryland 20744
(30)292-9438
Attorney for Plaintiff